**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

MATTHEW A. MYERS,

            Plaintiff,

v.                                    CIVIL ACTION NO.  2:10-cv-00853

CITY NATIONAL BANK OF WEST VIRGINIA,

            Defendant.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's Motion to Dismiss [Docket 3]. For the reasons set for below, this motion is **GRANTED IN PART** and **DENIED IN PART**.

*I. BACKGROUND*

This action arises out of Plaintiff's allegations that he was wrongfully terminated from his job with Defendant. Plaintiff states that he was employed by Defendant as a financial services representative with responsibilities that included the origination of loans for persons or businesses. In his amended complaint, Plaintiff states that he worked for Defendant from June 29, 2007, until he was fired on August 8, 2008. On July 4, 2008, Plaintiff filed for bankruptcy, and claims that he was later fired because "of his status as a bankruptcy debtor."

Plaintiff filed his first amended complaint in the Circuit Court of Kanawha County, West Virginia on May 21, 2010, asserting two claims: discrimination against a bankruptcy debtor and wrongful termination. Defendant filed a notice of removal on June 22, 2010, seeking to invoke this Court's federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441. Defendant also filed

its motion to dismiss on that day, arguing that Plaintiff failed to state a claim under Fed. R. Civ. P. 12(b)(6). Plaintiff did not respond to the motion.

## II. LEGAL STANDARD

Defendant's motion to dismiss must be evaluated under the pleading standard set forth in Rule 8(a)(2) of the Federal Rules of Civil Procedure and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Rule 8(a)(2) requires only that the claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

*Twombly* states that a well-pleaded complaint must aver "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. A "plausible" claim cannot be supported by mere "labels and conclusions." *Id.* at 555. Rather, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.*, and critical elements of a claim must be, at a minimum, "suggested by the facts," *id.* at 569. This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009). In testing the sufficiency of the complaint, the Court must "accept[ ] all well-pleaded allegations in the plaintiff's complaint as true and draw[] all reasonable inferences from those facts in the plaintiff's favor." *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 346 (4th Cir. 2005); *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (all factual allegations in pleadings assumed to be true).

### III. DISCUSSION

*A.     Bankruptcy Discrimination*

Plaintiff claims that Defendant violated federal law because it terminated plaintiff "for the reason that he was a debtor in a Chapter 13 proceeding." (Docket 1-2.) 11 U.S.C. § 525(b) provides:

> No private employer may terminate the employment of, or discriminate with respect to employment against, an individual who is or has been a debtor under this title, a debtor or bankrupt under the Bankruptcy Act, or an individual associated with such debtor or bankrupt, solely because such debtor or bankrupt-- (1) is or has been a debtor under this title or a debtor under the Bankruptcy Act; (2) has been insolvent before the commencement of a case under this title or during the case but before the grant or denial of a discharge; or (3) has not paid a debt that is dischargeable in a case under this title or that was discharged under the Bankruptcy Act.

A "fundamental element of a § 525(b) claim is that the insolvency, the filing of bankruptcy, or the discharge of a debt is the *sole reason* for discriminatory treatment by an employer." *Laracuente v. Chase Manhattan Bank*, 891 F.2d 17 (1st Cir. 1989); *see also White v. Kentuckiana Livestock Market, Inc.*, 397 F.3d 420, 426 (6th Cir. 2005).

Defendant argues that this claim should be dismissed because Plaintiff "fail[ed] to allege that the filing of his bankruptcy petition was the 'sole' reason for termination of his employment." (Docket 4 at 8.)[1] Plaintiff's complaint never uses the word "solely," however, he does state that Defendant "terminated [him] by reason of his status as a bankruptcy debtor." (Docket 1-2 at 11.) While Plaintiff does also state that "the human resources manager fired him for reasons related to

---

[1] Defendant also argues that the bankruptcy discrimination claim should be dismissed because Plaintiff never listed the claims in this action as an asset of his estate in his bankruptcy proceeding, thus, he is judicially estopped from maintaining this action. The Court notes that this type of argument goes far beyond the scope of the pleadings and what is proper for the Court to consider in determining whether a motion to dismiss should be granted.

the handling of [a] loan application," he argues that this reason was simply "pretext" for the real reason he was fired—his debtor-status. Thus, the Court finds that Plaintiff has alleged that his bankruptcy was the "sole reason" for his termination. Once evidence is available at a later stage, it may be found that Plaintiff was not terminated solely on the basis of his bankruptcy. At the 12(b)(6) stage, however, Plaintiff's allegation that he filed for bankruptcy and was terminated because of this is sufficient to withstand a motion to dismiss.

Defendant also argues that Plaintiff's § 525(b) claim should be dismissed because he failed to allege that his supervisors had any knowledge of his bankruptcy petition. However, Plaintiff states in the complaint: "On the date of July 9, 2008, a copy of the 'order to commence withholding' as entered by the United States Bankruptcy Court was mailed to [Defendant]. After the date on which [Defendant] would have received and processed the order for garnishment of [Plaintiff's] wages, [Plaintiff] was abruptly terminated." (Docket 1-2 at ¶¶ 11-12.) The Court finds that the allegation that Defendant was sent a copy of the bankruptcy order is sufficient to survive a motion to dismiss as it raises the fair inference that Defendant had some knowledge of the proceeding.

Accordingly, Defendant's motion to dismiss the § 525(b) claim is **GRANTED**.

### B. Wrongful Termination

In West Virginia, "employees and employers alike are generally governed by the at will employment doctrine." *Feliciano v. 7-Eleven, Inc*., 559 S.E.2d 713, 717 (W. Va. 2001); *see also Eaton v. City of Parkersburg*, 482 S.E.2d 232, 236 (W. Va. 1996) ("In the absence of other evidence, West Virginia law presumes that employment is at will."). An at-will employee "serves at the will and pleasure of his or her employer and can be discharged at any time, *with or without cause*." *Id*. (quoting *Feliciano*, 559 S.E.2d at 718) (emphasis added); *see also Shanholtz v. Monongahela Power*

4

*Co.*, 270 S.E.2d 178, 182 (W. Va. 1980) ("Either party could terminate the at-will employment with or without cause and no cause of action would accrue."). However, the at will employment doctrine is "tempered by the principle that where the employer's motivation for the discharge is to contravene some substantial public policy principle, then the employer may be liable to the employee for damages occasioned by this discharge." Syllabus, *Harless v. First Nat'l Bank in Fairmont*, 246 S.E.2d 270, 271 (W. Va. 1978). "A determination of the existence of public policy in West Virginia is a question of law, rather than a question of fact for a jury." *Page v. Columbia Natural Res., Inc.*, 480 S.E.2d 817 (W. Va. 1996) (citing Syl. Pt. 1, *Cordle v. Gen. Hugh Mercer Corp.*, 325 S.E.2d 111 (W. Va. 1984)).

Plaintiff alleges in his complaint that his termination was against public policy because Defendant "disciplined [Plaintiff] for actions that essentially prevented the occurrence of bank fraud or for actions that prevented the violation of various state and federal laws or regulations." Plaintiff's describes this incident in the complaint:

> [Plaintiff] was provided documents to verify a customer's income that were in the form of checks drawn by her family's business that were not intended to ever be negotiated because, apparently, the customer was typically paid in cash. [Plaintiff] refused to submit the false documents in support of the application. [Plaintiff] received no explanation as to why the refusal to submit the documents should result in his termination. [Plaintiff] understood that the customer was simply trying to find a way in which to verify the cash income that she received in the employment of a business that was owned by her family, but [Plaintiff] did not believe the checks were a valid means of verification. After disposing of the copies of the checks in the recycling bin, [Plaintiff] submitted the application to the underwriting department to determine if verification of income would actually be needed, especially considering that the customer had a pending loan commitment from another banking institution.

(Docket 1-2 at ¶¶ 32-36.) Nowhere in this account does Plaintiff establish why these actions violated public policy or even what public policy was supposedly violated. Additionally, and as

Defendant details in its accompanying memorandum to the motion to dismiss, Plaintiff makes no contention of a public policy violation similar to any policy the Supreme Court of Appeals of West Virginia has recognized as an argument that would support a wrongful termination claim. (Docket 4 at 15-17.) As Plaintiff has failed to allege enough facts relating to a public policy violation, Defendant's motion to dismiss the wrongful termination claim is **GRANTED**.

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss [Docket 3] is **DENIED IN PART AND GRANTED PART**.[2] Plaintiff's wrongful termination claim is **DISMISSED** with prejudice, and this action will proceed on the remaining claim, the § 525(b) bankruptcy discrimination.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party and to remove this matter from the Court's docket.

ENTER: March 31, 2011

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

---

[2] The Court finds no basis to impose sanctions, as requested, upon Plaintiff under Fed. R. Civ. P. 11. Therefore that request is denied.