IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MATTHEW A. MYERS,

        Plaintiff,

v.                                      CIVIL ACTION NO. 2:10-cv-00853

CITY NATIONAL BANK OF WEST VIRGINIA,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's Motion for Summary Judgment [Docket 33]. For the reasons stated below, Defendant's motion is **GRANTED**.

*I. BACKGROUND*

This action arises out of Plaintiff's allegations that he was wrongfully terminated from his job with Defendant. Plaintiff states that he was employed by Defendant as a financial services representative. In his amended complaint, Plaintiff states that he worked for Defendant from June 29, 2007, until he was fired on August 8, 2008. On July 4, 2008, Plaintiff filed for bankruptcy, and claims that he was later fired because "of his status as a bankruptcy debtor."

Plaintiff filed his first amended complaint in the Circuit Court of Kanawha County, West Virginia on May 21, 2010, asserting two claims: discrimination against a bankruptcy debtor and wrongful termination. Defendant filed a notice of removal on June 22, 2010, seeking to invoke this Court's federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441. Defendant also filed its motion to dismiss on that day, arguing that Plaintiff failed to state a claim under Fed. R. Civ. P.

12(b)(6) . On March 31, 2011, the Court granted in part Defendant's Motion to Dismiss and dismissed Plaintiff's wrongful termination claim. On January 17, 2012, Defendant moved for summary judgment on the remaining count. Plaintiff responded in opposition on February 3, 2012, and Defendant replied on February 9, 2012. Defendant's summary judgment motion is now ripe for the Court's review.

## II. SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure governs motions for summary judgment. That rule provides, in relevant part, that summary judgment should be granted if "there is no genuine dispute as to any material fact." Summary judgment is inappropriate, however, if there exist factual issues that reasonably may be resolved in favor of either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *The News & Observer Publ. Co. v. Raleigh-Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010). When construing such factual issues, it is well established that the Court must view the evidence "in the light most favorable to the [party opposing summary judgment]." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

The moving party may meet its burden of showing that no genuine issue of fact exists by use of "depositions, answers to interrogatories, answers to requests for admission, and various documents submitted under request for production." *Barwick v. Celotex Corp.*, 736 F.2d 946, 958 (4th Cir. 1984). Once the moving party has met its burden, the burden shifts to the nonmoving party to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S.

317, 323 (1986). If a party fails to make a sufficient showing on one element of that party's case, the failure of proof "necessarily renders all other facts immaterial." *Id.*

"[A] party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Liberty Lobby*, 477 U.S. at 256. "The mere existence of a scintilla of evidence" in support of the nonmoving party is not enough to withstand summary judgment; the judge must ask whether "the jury could reasonably find for the plaintiff." *Id.* at 252.

### III. DISCUSSION

Plaintiff claims that Defendant violated federal law because it terminated plaintiff "for the reason that he was a debtor in a Chapter 13 proceeding." (Docket 1-2.) 11 U.S.C. § 525(b) provides:

> No private employer may terminate the employment of, or discriminate with respect to employment against, an individual who is or has been a debtor under this title, a debtor or bankrupt under the Bankruptcy Act, or an individual associated with such debtor or bankrupt, solely because such debtor or bankrupt-- (1) is or has been a debtor under this title or a debtor under the Bankruptcy Act; (2) has been insolvent before the commencement of a case under this title or during the case but before the grant or denial of a discharge; or (3) has not paid a debt that is dischargeable in a case under this title or that was discharged under the Bankruptcy Act.

A "fundamental element of a § 525(b) claim is that the insolvency, the filing of bankruptcy, or the discharge of a debt is the *sole reason* for discriminatory treatment by an employer." *Laracuente v. Chase Manhattan Bank*, 891 F.2d 17 (1st Cir. 1989); *see also White v. Kentuckiana Livestock Market, Inc.*, 397 F.3d 420, 426 (6th Cir. 2005).

In support of its motion for summary judgment, Defendant argues that there is no genuine issue of material fact regarding Plaintiff's allegation that the sole reason for his termination was the filing of the bankruptcy petition. Defendant asserts that two events led to Plaintiff's termination:

(1) conduct related to a loan application taken by Plaintiff and (2) Plaintiff's request that another employee clock him in even though he was not at work. (Docket 34 at 4.) Defendant submitted a memorandum from Plaintiff's personnel file regarding these events and dated August 8, 2008. (Docket 33-4.) The memorandum discusses the August 7, 2008, text messaging incident where Plaintiff did not show up to work until 9:30 AM when he was supposed to be there at 9:00 AM. He texted a co-worker, Bonnie Montgomery, to ask her to clock him in even though he was not at the office. Concerning the loan application, the memorandum provides: "[Plaintiff's] actions showed a willingness to accept fake checks to represent real income, which is a clear violation of the code of ethics policy." (*Id.* at 3.) The memorandum states that his violation of the code of ethics policy was the reason for his termination, and also references a written statement prepared by Ms. Montgomery. In that statement, Ms. Montgomery states that she confronted Plaintiff when he was working up the loan at issue. (Docket 33-6.)[1] Furthermore, Plaintiff never challenges the fact that he was confronted concerning the loan. Although he has offered a weak explanation trying to assert his innocence regarding the loan, it is unavailing. Defendant's belief, even if it might ultimately be shown to be incorrect, that Plaintiff behaved inappropriately regarding the loan is enough to defeat bankruptcy as the sole reason for his firing. *See Laracuente v. Chase Manhattan Bank*, 891 F.2d 17 (1st Cir. 1989) (holding that a claim for bankruptcy discrimination is defeated by a clear showing that the bankruptcy status was not the sole reason for the termination).

Plaintiff maintains that he was terminated because he filed for bankruptcy. First, he states that Ms. Montgomery knew that he was planning on filing bankruptcy and also provided him with

---

[1] The statement provides in pertinent part: "I tried to tell Matt that was not right, and a few minutes later . . . the customer brought Matt a check[,] and I felt he was trying to hide them." (*Id.* at 2.)

4

the name of a bankruptcy attorney. However, in her affidavit, Ms. Montgomery states that she did not know that he had actually filed a bankruptcy petition. (Docket 33-11.) Plaintiff has produced no evidence to contradict this assertion. Second, he asserts that Defendant knew of the bankruptcy because an "Order to Commence Withholding" was sent to Defendant on July 7, 2008. (Docket 33-14.) The order contains the wrong mailing address for Defendant. However, Plaintiff reasons that it is presumed that the mail carrier delivered the order to the correct address because it was never returned to the Bankruptcy Court, his counsel was never informed it could not be delivered, and the address was similar to the correct address. (Docket 36 at 8.) Thus, because he presumes it was delivered, he believes that Defendant knew that he had filed for bankruptcy.[2] Defendant argues that the two people responsible for the decision to terminate Plaintiff, Amanda Curry and Amanda Ware, did not know that Plaintiff had filed for bankruptcy. Defendant correctly states that Plaintiff has offered no evidence that either Ms. Curry or Ms. Ware had such knowledge. (Docket 34 at 17.) Defendants submitted affidavits from Ms. Curry and Ms. Ware stating that they were not aware that Plaintiff filed for bankruptcy. (Dockets 33–7 & 33-8.) Further, Plaintiff does not contradict the fact that Defendant never withheld anything from Plaintiff's pay. Plaintiff's speculation as to what Ms. Curry and Ms. Ware knew is not enough to raise an issue of material fact on the question of whether Plaintiff was terminated solely because of his bankruptcy status. Further, Plaintiff has not set forth specific facts showing that there is a genuine dispute for trial. Accordingly, Defendant's motion for summary judgment on this claim is **GRANTED**.

---

[2] There is no presumption that mail is delivered when it is not properly addressed. *Kiker v. Comm'r*, 218 F.2d 389, 392 (4th Cir. 1955).

*IV. CONCLUSION*

For the reasons set forth above, Defendant has demonstrated the absence of a genuine issue of material fact that would entitle it to judgment as a matter of law. Accordingly, Defendant's Motion for Summary Judgment [Docket 33] is **GRANTED**. A separate Judgment Order will be entered this day implementing the rulings contained herein. The Court **DIRECTS** the Clerk to remove this case from the Court's docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

                ENTER:       March 26, 2012

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE